MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:    (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CRISTY ANN JONES,<br><br>    Defendant. | No. CR 14-00309 JST<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>Current Hearing Date:   July 18, 2014<br>Proposed Hearing Date:  September 5, 2014 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Cristy Ann Jones (defendant), by and through her counsel of record, Ellen V. Leonida, hereby stipulate as follows:

1.    On May 9, 2014, defendant was charged in a federal criminal complaint with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and a warrant for her arrest was issued.  On May 13, 2014, defendant made her initial appearance in federal

court and on May 21, 2014, defendant waived her right to a preliminary hearing and was ordered

detained pending trial in this matter.  On June 5, 2014, the government filed an information charging

defendant with possession with intent to distribute methamphetamine in violation of 21 U.S.C.

§ 841(a)(1).  On June 6, 2014, defendant waived her right to indictment and was arraigned on the

information.  Also on that date, the parties stipulated to set a status conference before this Court on

July 18, 2014, and agreed that there was a basis to exclude time under the Speedy Trial Act, 18 U.S.C.

§ 3161, *et seq.*, for effective preparation of counsel.  United States Magistrate Judge Kandis A.

Westmore signed an order excluding the time period of June 6, 2014, to July 28, 2014, from the time

in which trial must commence under the Speedy Trial Act.

      2.    The parties now request a continuance of the currently scheduled July 18, 2014, status

conference to September 5, 2014, in order to provide defendant's counsel additional time necessary to

confer with defendant, conduct and complete an independent investigation of the case, conduct and

complete additional legal research including for potential pre-trial motions, review the discovery and

potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not

occur.  In addition, defendant's counsel is now unavailable on the currently scheduled status

conference date of July 18 and will remain unavailable through July 28, 2014.  Also, government

counsel is unavailable from August 11 through August 15, 2014.  Defendant's counsel represents that

failure to grant the continuance would deny her reasonable time necessary for effective preparation,

taking into account the exercise of due diligence.  The parties agree that the continuance requested by

the parties is not based on congestion of the Court's calendar, lack of diligent preparation on the part

of the attorney for the government or the defense, or failure on the part of the attorney for the

government to obtain available witnesses.

      3.    For purposes of computing the date under the Speedy Trial Act by which defendant's

trial must commence, the parties agree that the time period of July 18, 2014, to September 5, 2014,

inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv)

because the delay results from a continuance granted by the Court at defendant's request, without

government objection, on the basis of the Court's finding that: (i) the ends of justice served by the

2

continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4.      Defendant's counsel represents that she has fully informed her client of her Speedy Trial rights and that, to her knowledge, her client understands those rights and agrees to waive them. Defendant's counsel further believes that her client's decision to give up the right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

5.      Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 10, 2014                                MELINDA HAAG
                                                                United States Attorney


                                                                    /S/   Garth Hire
                                                                GARTH HIRE
                                                                Assistant United States Attorney

                                                                Attorneys for Plaintiff
                                                                UNITED STATES OF AMERICA



  /S/  per e-mail authorization                                 7/9/2014
ELLEN V. LEONIDA                                            Date
Assistant Federal Public Defender
Attorney for Defendant
Cristy Ann Jones

3

**[PROPOSED] ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

A status conference in this matter is scheduled for 9:30 a.m. on September 5, 2014.  The time period of July 18, 2014, to September 5, 2014, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

 July 10, 2014
_____
DATE

_____
HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

4